UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
ERROL DABYDEEN,

        Plaintiff,

                                  **<u>ORDER</u>**

    - against -                11-Cv-878(KAM)

CAROLYN W. COLVIN,

        Defendant.[1]
-----------------------------------X

**MATSUMOTO, United States District Judge:**

        Before the court is a motion by plaintiff Errol Dabydeen's attorney, Charles E. Binder, Esq. ("petitioner"), for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1). (Mot. for Attorney's Fees, dated June 18, 2015, ECF No. 14.) Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("defendant" or "Commissioner") does not oppose petitioner's motion for an award of $20,988.98 in attorney's fees from plaintiff's past due social security benefits. (Def.'s Resp. to Pl.'s Counsel's Pet. for Attorney's Fees, dated July 1, 2015, ECF No. 15.) Plaintiff's counsel notes that a copy of the petition has been sent to plaintiff. (Mem. of Law in Support of Pl.'s Pet. for Attorney's Fees, dated June 18, 2015, ECF No. 14-4, at 2.)

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant.

1

When determining whether a fee request pursuant to 42 U.S.C. § 406(b) is reasonable, a court should consider: (1) whether the contingency percentage is within the 25% cap; (2) whether there has been fraud or overreaching in making the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney.  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  The court has reviewed petitioner's Memorandum of Law in Support of Plaintiff's Petition for Attorney Fees (ECF No. 14-4), the Affirmation of Charles E. Binder and the attached exhibits (ECF Nos. 14-2, 14-2), and Defendant's Response (ECF No. 15), and finds plaintiff counsel's request for attorney's fees in the amount of $20,988.88 to be reasonable and does not exceed the twenty-five percent cap of plaintiff's back-due benefits[2].  *See* 42 U.S.C. § 406(b).

Consequently, **IT IS ORDERED** that attorney fees be granted in the amount of $20,988.98, which represents less than 25% ($30,988.98) of the past due benefits awarded to the plaintiff, to CHARLES E. BINDER, petitioner.  Upon receipt of this sum, petitioner is directed to remit $1,919.51 directly to the plaintiff, as plaintiff's previously awarded Equal Access to Justice Act fees of $4,451.52 were reduced by $2,532.01 due to plaintiff's pre-existing state tax debt.  Nothing in this order

---

[2] Pursuant to the court's order dated October 22, 2015, the government submitted a letter dated November 2, 2015 verifying the total amount of plaintiff's past due social security benefits in the amount of $123,955.90.

will preclude plaintiff's duly appointed representative(s) from requesting fees under 42 U.S.C. § 406(a) for time spent handling plaintiff's case before the Social Security Administration provided that the combined fees approved under §§ 406(a) and 406(b) does not exceed $30,988.98, which represents 25% of the retroactive benefits awarded to the plaintiff.

Dated: November 3, 2015
Brooklyn, New York

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York